NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4608-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ELLIOTT BATES, d/b/a
E.B. EXCAVATING,

 Defendant-Appellant.
___________________________

 Submitted May 17, 2017 – Decided July 20, 2017

 Before Judges Fuentes and Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Monmouth County,
 Municipal Appeal No. 16-014.

 Elliott Bates, appellant pro se.

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Mary R.
 Juliano, Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 Defendant Elliot Bates was convicted in the Howell Municipal

Court of operating a commercial vehicle with a gross weight in

excess of the weight limitation permitted by the certificate of
registration for the vehicle, including load or contents. N.J.S.A.

39:3-20e. The municipal court imposed a $106 fine and $33 court

costs. Defendant appealed to the Law Division pursuant to Rule

3:23-2, seeking a de novo review of his municipal court conviction.

The matter came before Superior Court Judge Honora O'Brien

Kilgallen on June 22, 2016. After reviewing de novo the record

developed before the municipal court, Judge O'Brien Kilgallen

found defendant guilty of violating N.J.S.A. 39:3-20e.

 With respect to the sentence, Judge O'Brien Kilgallen noted

that the $106 fine imposed by the municipal court was not permitted

under the clear language in N.J.S.A. 39:3-20e, which requires the

imposition of a minimum fine of $500 "plus an amount equal to $100

for each 1,000 pounds or fractional portion of 1,000 pounds of

weight in excess of the weight limitation permitted by the

certificate of registration for that vehicle or combination of

vehicles." Ibid. As a threshold issue, Judge O'Brien Kilgallen

recognized that ordinarily, a defendant "should not, by virtue of

having filed an appeal, be subjected to a greater sentence than

he would have incurred had he not filed an appeal." State v.

Eckert, 410 N.J. Super. 389, 407 (App. Div. 2009) (citing State

v. De Bonis, 58 N.J. 182, 188-89 (1971)). However "where the

sentence imposed in the first instance was illegal, a defendant

 2 A-4608-15T1
has no basis to argue that imposition of a harsher sentence on

appeal is prohibited." Ibid.

 Applying the method provided in N.J.S.A. 39:3-20e for

calculating the amount of the fine, Judge O'Brien Kilgallen made

the following findings:

 The defendant was found to be 900 lbs. in
 excess of the weight permitted by the
 certificate of registration. This equates to
 a fractional charge of $90 on top of the $500
 base penalty.

 Therefore the defendant is sentenced to pay
 $590 for his violation of [N.J.S.A.] 39:3-20e,
 and he will also have to pay the originally
 imposed court costs of $33.

 Defendant now appeals raising the following argument.

 CLAIMANTS [SIC] CHARGE FOR AN OVERWEIGHT
 VEHICLE AND REGISTRATION BY USE OF TWO
 PORTABLE SCALES DESPITE CERTIFIED WEIGHT
 TICKET FROM LERTCH'S RECYCLING CENTER ON
 BELMAR BLVD. IN WALL TWP NEW JERSEY AND
 [N.J.A.C.] 13:47b-1.9 (B) WAS IMPROPER.

 We reject this argument and affirm substantially for the

reasons expressed by Judge O'Brien Kilgallen in her oral decision

delivered from the bench on June 22, 2016. We gather the following

facts from the record developed before the municipal court.

 At all times relevant to this case Stephen Napoli was a New

Jersey State Trooper and a member of the Commercial Vehicle

Inspection Unit. On November 2, 2015, Napoli was patrolling the

Route 9 area in Howell Township and making random inspections when

 3 A-4608-15T1
he first saw defendant's dump truck that was stopped at a traffic

light on Strickland Road. Napoli noticed the truck's lift axle

ascended when it made a left hand turn onto Route 9 South. Napoli

followed the truck for approximately a mile and confirmed that the

truck's left axle remained raised. Based on his training and

experience, Napoli testified that "it could be dangerous" if the

lift axle does descend after a turn and the truck is overburdened.

 Napoli directed defendant to pull into a parking lot off of

Route 9 South to conduct a commercial motor vehicle inspection of

the truck. Defendant produced all of the legally required

credentials, including a commercial vehicle registration showing

the dump truck was registered to carry 80,000 pounds. Defendant

also produced a weight bill with a time stamped printout which

reflected the weight of the truck after it was loaded at a quarry.

However, this document did not reflect the weight of the truck

when it left the quarry. Defendant also produced a weight bill

from Lertch Recycling Company, which showed defendant's truck

weighed 79,780 pounds at 9:44 a.m. on November 2, 2015.

 As a part of his equipment, Napoli carried four scales which

had been certified by the New Jersey Superintendent of Weights and

Measures. These certifications are maintained by the State Police

at its Princeton Barracks and were admitted into evidence without

 4 A-4608-15T1
objection.1 Napoli used these scales to weigh defendant's truck.

He testified that the truck weighed 80,900 pounds at the time,

which was 900 pounds in excess of its authorized maximum weight

capacity. Defendant admitted that Napoli weighed the truck one

hour after the 9:44 a.m. weight bill from Lertch Recycling Company.

 Defendant argues here, as he did before the Law Division,

that the State's proof cannot support a finding he violated

N.J.S.A. 39:3-20e because a regulation issued by the

Superintendent of Weights and Measures expressly prohibits the use

of portable self-contained vehicle scales. This regulation

states:

 Except as hereinafter provided, the use of a
 portable self-contained vehicle scale is
 hereby prohibited for determinations of weight
 for all commercial purposes.

 [N.J.A.C. 13:47B-1.9b]

 In response, the State argues defendant misunderstands the

scope of this regulatory prohibition. According to the State, the

regulation does not apply here because the Legislature expressly

authorized the State Police to carry out the type of enforcement

action Trooper Napoli conducted here.

 Officers of the Division of State Police shall
 have the exclusive authority to conduct random

1
 As he did in this appeal, defendant represented himself when the
matter was tried before the municipal court and when the matter
was tried de novo before the Law Division.

 5 A-4608-15T1
 roadside examinations for the purpose of
 determining whether size or weight is in
 excess of that permitted in this Title, and
 officers of the Division of State Police shall
 have the authority, with or without probable
 cause to believe that the size or weight is
 in excess of that permitted, to require the
 driver, operator, owner, lessee or bailee, to
 stop, drive or otherwise move to a location
 for measurement or weighing and submit the
 vehicle or combination of vehicles, including
 load or contents, to measurement or
 weighing[.]

 [N.J.S.A. 39:3-84.3a(2) (emphasis added).]

 Judge O'Brien Kilgallen agreed with the State's position. We

do as well. The plain language of the statute authorizes a State

Police Trooper to inspect commercial vehicles on the road to

require these vehicles to "move to a location for measurement or

weighing." Ibid. These random fields inspections permit the

State Police Trooper to determine whether the safety of a

commercial vehicle has been compromised because the vehicle

carries a load that exceeds its registered weight capacity. These

inspections cannot be done without the use of portable scales.

 We caution, however, that our holding does not impugn the

validity of N.J.A.C. 13:47B-1.9b. We merely hold that the

prohibition of portable self-contained vehicle scales in N.J.A.C.

13:47B-1.9b does not apply to the State Police in the context of

carrying out the enforcement responsibilities in N.J.S.A. 39:3-

 6 A-4608-15T1
84.3a(2). Defendant's remaining arguments lack sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(2).

 Affirmed.

 7 A-4608-15T1